1
2
3
4
5
6
7

8                         UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   DAMIEN STEVENSON,                      Case No.: 1:23-cv-00726-CDB

12              Plaintiff,                   **FINDINGS AND RECOMMENDATIONS TO
                                             DISMISS ACTION WITHOUT PREJUDICE**
13        v.                                 **FOR PLAINTIFF'S FAILURE TO OBEY
                                             LOCAL RULES AND FAILURE TO**
14   B. PHILLIPS, et al.,                    **PROSECUTE**

15              Defendants.                  **14-DAY OBJECTION DEADLINE**

16                                           Clerk of the Court to Assign District Judge

17

18        Plaintiff Damien Stevenson is appearing pro se and *in forma pauperis* in this civil rights

19   action.

20        **I.      INTRODUCTION**

21        On April 11, 2025, this Court issued its First Screening Order. (Doc. 9.) The Court found

22   Plaintiff stated cognizable Eighth Amendment failure to protect claims against Defendants

23   Phillips and Escalera. (*Id*. at 4-6.) Plaintiff was served with a copy of the Court's order by mail

24   that same date to his address of record: Damien Stevenson, P-43139, California Substance Abuse

25   Treatment Facility, P.O. Box 5244, Corcoran, CA 93212-5244.

26        On April 15, 2025, the Court issued its Order Finding Service Appropriate. (Doc. 10.) The

27   order concerns service of Plaintiff's complaint pursuant to the Court's e-service pilot program.

28   (*Id*.) Plaintiff was served with a copy of this order that same date.

1    On April 17, 2025, the California Department of Corrections and Rehabilitation (CDCR)

2  filed its Notice of E-Service Waiver form. (Doc. 12.)

3    On April 23, 2025, the screening order was returned by the United States Postal Service

4  (USPS) marked "Undeliverable," "Inactive," "Not at CSATF/SP Corcoran," "Moved," and "No

5  Forwarding Address." The following day, the service order was returned by the USPS marked

6  "Undeliverable," "Unable to Identify as Addressed," "Not at CSATF/SP Corcoran," "Moved"

7  and "No Forwarding Address."

8    On May 12, 2025, Defendants filed the Waiver of Service of Summons form. (Doc. 13.)

9  **II.     DISCUSSION**

10    Plaintiff has failed to keep the Court apprised of his current address. Therefore, the

11  undersigned will recommend this action be dismissed without prejudice.

12    *Applicable Legal Standards*

13    The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide,

14  "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may

15  be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule

16  or within the inherent power of the Court." Local Rule 110. "District courts have inherent power

17  to control their dockets" and, in exercising that power, may impose sanctions, including dismissal

18  of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

19  A court may dismiss an action based on a party's failure to prosecute an action, obey a court

20  order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir.

21  1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S.*

22  *Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court

23  order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to

24  prosecute and to comply with local rules).

25    Local Rule 182(f) provides that a "pro se party is under a continuing duty to notify the

26  Clerk and all other parties of any change of address …. Absent such notice, service of documents

27  at the prior address of the … pro se party shall be fully effective." Further, Local Rule 183(b)

28  states that a "party appearing in propria persona shall keep the Court and opposing parties advised

2

1    as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is

2    returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing

3    parties within thirty (30) days thereafter of a current address, the Court may dismiss the action

4    without prejudice for failure to prosecute." (Emphasis omitted.)

5            "In determining whether to dismiss an action for lack of prosecution, the district court is

6    required to weigh several factors: (1) the public's interest in expeditious resolution of litigation;

7    (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

8    policy favoring disposition of cases on their merits; and (5) the availability of less drastic

9    sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks &

10   citation omitted). These factors guide a court in deciding what to do and are not conditions that

11   must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products*

12   *Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

13           *Analysis*

14           Here, Plaintiff has failed to file a notice of change of address or to otherwise advise the

15   Court of his current address. As noted above, according to the Court's docket, Plaintiff's address

16   of record is "California Substance Abuse Treatment Facility, P.O. Box 5244, Corcoran, CA

17   93212-5244." All orders issued by the Court since May 11, 2023, have been served at that

18   address. On April 23 and April 24, 2025, mail directed to Plaintiff was returned to the Court

19   marked "Undeliverable," "Not at CSATF/SP Corcoran," "Moved," and "No Forwarding

20   Address." A recent search of the CDCR's California Incarcerated Records and Information

21   Search (CIRIS) tool using Plaintiff's full name and CDCR number revealed "No Results."[1]

22   Because Plaintiff has failed keep the Court apprised of his current address, this action is subject to

23   dismissal. Given the Court's inability to communicate with Plaintiff, there are no other reasonable

24   alternatives available to address Plaintiff's failure to obey the Local Rules and failure to

25   prosecute. Thus, the first and second factors — the expeditious resolution of litigation and the

26   Court's need to manage its docket — weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

27

---
[1] https://ciris.mt.cdcr.ca.gov/results?lastName=stevenson&firstName=damien; https://ciris.mt.cdcr.ca.gov/
28   results?cdcrNumber=P43139 (last accessed 6/4/2025).

1    The third factor, risk of prejudice to defendant, also weighs fairly in favor of dismissal

2  since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an

3  action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, Defendants have filed

4  the e-service waiver form, and their responsive pleading is due to be filed no later than June 16,

5  2025. (*See* Doc. 13.) However, these proceedings are essentially at a standstill because of

6  Plaintiff's failure to keep the Court and Defendants apprised of his current address. Plaintiff has

7  unreasonably delayed the prosecution of this action since at least April 23, 2025, [2] when mail

8  directed to Plaintiff was returned to the Court as undeliverable. Thus, the third factor also weighs

9  in favor of dismissal. *Carey*, 856 F.2d at 1440-41.

10    The fourth factor usually weighs against dismissal because public policy favors

11  disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However,

12  "this factor lends little support to a party whose responsibility it is to move a case toward

13  disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460

14  F.3d at 1228. Plaintiff has not moved this case forward toward disposition on the merits. It is his

15  responsibility to do so. Instead, Plaintiff has stopped communicating with the Court altogether

16  and has failed to comply with this Court's Local Rules. More than 30 days have passed since the

17  USPS returned both the screening order and the service order marked undeliverable, yet Plaintiff

18  has failed to file a notice of change of address in compliance with Local Rule 183(b). Therefore,

19  the fourth factor — the public policy favoring disposition of cases on their merits — also weighs

20  in favor of dismissal. *Carey*, 856 F.2d at 1440.

21    Finally, the Court's warning to a party that failure to obey the court's orders will result in

22  dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262.

23  Here, in the First Informational Order in Prisoner/Civil Detainee Civil Rights Case issued May

24  11, 2023, Plaintiff was advised that failure to comply with the Federal Rules of Civil Procedure

25

26  [2] The Court notes that prior to its April 2025 screening order, the last order issued by the Court was served to
Plaintiff on May 15, 2023. (*See* Doc. 7.) Therefore, the Court assesses that Plaintiff was released from the California
27  Substance Abuse Treatment Facility sometime between May 2023 and April 2025, a period of nearly two years.
Hence, Plaintiff could have delayed prosecution of this action as early as May 2023 by failing to keep the Court
28  apprised of his current address.

1    and this Court's Local Rules "will be grounds for imposition of sanctions which may include

2    dismissal of the case. Local Rule 110; Fed. R. Civ. P. 41(b)." (*See* Doc. 4 at 1.) That Order further

3    advised: "A pro se plaintiff must keep the Court and opposing parties informed of the party's

4    correct current address. Local Rule 182(f). If a party moves to a different address without filing

5    and serving a notice of change of address, documents served at a party's old address of record

6    shall be deemed received even if not actually received. … If mail directed to a pro se plaintiff at

7    the address of record is returned by the United States Postal Service as undeliverable, the order

8    will not be re-served a second time absence a notice of change of address. If a pro se plaintiff's

9    address is not updated within sixty-three days of mail being returned as undeliverable, the case

10   will be dismissed for failure to prosecute." (*Id*. at 5.)[3] However, as of January 1, 2025, Local Rule

11   183(b) provides that a change of address must be filed within 30 days.[4] The undersigned finds

12   Plaintiff had adequate warning that dismissal could result from his noncompliance with this

13   Court's Local Rules or failure to update his address. Thus, the fifth factor — the availability of

14   less drastic sanctions —weighs in favor of dismissal. *Ferdik*, 963 F.2d at 1262; *Carey*, 856 F.2d

15   at 1440.

16           In sum, Plaintiff has failed to comply with this Court's Local Rules, and in doing so, has

17   failed to prosecute this action. Having weighed the equities and considered the relevant factors

18   noted above, the undersigned concludes that dismissal of the action is warranted.

19           **III.    CONCLUSION AND RECOMMENDATION**

20           Accordingly, for the reasons stated above, the Court **HEREBY RECOMMENDS** that

21   this action be dismissed, without prejudice, based on Plaintiff's failure to obey the Local Rules

22   and to prosecute this action.

23

24   [3] A blank "Notice of Change of Address" form was also provided for Plaintiff's use. (*See* Doc. 4 at 7.)

25   [4] The Local Rules state: "These Local Rules are effective on December 1, 2009, and shall govern all actions then
     pending or commenced thereafter." *See* Local Rule 100(e). Further, the Local Rules provide: "Immediately upon the
     adoption of these Rules *or any change in these Rules*, copies of the new and revised Rules shall be provided to such

26   publications and persons as the Chief Judge deems appropriate. The Clerk shall promptly notify … *other law
     libraries maintained by the State* [like state prison law libraries] … in the Eastern District of California. Copies shall

27   be distributed in a manner calculated to ensure maximum notification to those practicing in the Eastern District of
     California. A notice shall be posted prominently in the Clerk's Offices and on the Court's website." *See* Local Rule

28   102(c), italics added.

1      These Findings and Recommendations will be submitted to the United States District

2   Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days**

3   after being served with a copy of these Findings and Recommendations, a party may file written

4   objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to

5   Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without

6   leave of Court and good cause shown. The Court will not consider exhibits attached to the

7   Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the

8   exhibit in the record by its CM/ECF document and page number, when possible, or otherwise

9   reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be

10  disregarded by the District Judge when reviewing these Findings and Recommendations under 28

11  U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result

12  in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

13  IT IS SO ORDERED.

14     Dated:   **June 4, 2025**

15                                          UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28